IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC. ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 1900 JEROME AVE. SPORTS BAR INC. ) <br> d/b/a MONUMENT SPORTS BAR ) <br> and GRISELDA A. REYES ) <br> ) <br> ) <br>     Defendants. ) | CV-07-8081 |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF REQUEST FOR JUDGMENT BY DEFAULT**

Plaintiff, Garden City Boxing Club, by its attorneys, Paul J. Hooten & Associates, files this Memorandum of Law and says:

**POSTURE OF THIS CASE**

On September 14, 2007, Garden City Boxing Club, Inc. filed suit against 1900 Jerome Ave. Sports Bar, Inc. d/b/a Monument Sports Bar and Griselda A. Reyes. The lawsuit charged the Defendants with a violation of Section 705 of the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute").

Upon the failure of the Defendants, 1900 Jerome Ave. Sports Bar, Inc. d/b/a Monument Sports Bar and Griselda A. Reyes, to timely file an Answer or any other responsive pleading, the Plaintiff filed and requested that a default judgment be entered against the Defendants. A Clerk's Notation of Default is on file with this Court. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, a default judgment is appropriate.

Once a default judgment is entered, "it generally is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC. | ) |
|     Plaintiff, | ) |
| v. | ) CV-07-8081 |
| 1900 JEROME AVE. SPORTS BAR, INC. d/b/a MONUMENT SPORTS BAR and GRISELDA A. REYES, | ) ) ) |
|     Defendants. | ) |

### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUPPORT OF REQUEST FOR JUDGMENT BY DEFAULT

Plaintiff, Garden City Boxing Club, by its attorneys, Paul J. Hooten & Associates, files this Memorandum of Law and says:

### POSTURE OF THIS CASE

On September 14, 2007, Garden City Boxing Club, Inc. filed suit against 1900 Jerome Ave. Sports Bar, Inc. d/b/a Monument Sports Bar and Griselda A. Reyes. The lawsuit charged the Defendants with a violation of Section 705 of the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute").

Upon the failure of the Defendants, 1900 Jerome Ave. Sports Bar, Inc. d/b/a Monument Sports Bar and Griselda A. Reyes, to timely file an Answer or any other responsive pleading, the Plaintiff filed and requested that a default judgment be entered against the Defendants. A Clerk's Notation of Default is on file with this Court. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, a default judgment is appropriate.

Once a default judgment is entered, "it generally is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same effect as between the parties as a judgment rendered after a trial on the merits." Wright, Miller & Kane, Federal Practice and Procedure, §2684, p. 419-20. Therefore, all of the facts alleged in the Complaint should be considered as true and are binding on the Defendant. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); Wright, §2688, p. 1004. Accordingly, the only issue remaining to be decided in this case is the amount of damages to which Plaintiff is entitled from the Defendant as a result of her violation of the Statute.

### FACTS

Garden City Boxing Club, Inc. had the closed-circuit television license agreement (the "License Agreement") to exhibit the closed-circuit telecast of the September 18, 2004 Championship boxing match between Oscar De La Hoya and Bernard Hopkins (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout New York.

In the State of New York, the Event was legally available to the public only through very limited means. A commercial establishment, such as a bar, restaurant or lounge, could receive and broadcast the Event only after entering into a contractual agreement with Garden City Boxing Club, Inc. A residential cable subscriber could only obtain the Event by purchasing it for an additional fee through the subscriber's residential pay-per-view cable system.

The interstate satellite transmission of the Event was electronically coded or scrambled and was not intended for the use of the general public. If a commercial establishment was authorized by Garden City Boxing Club, Inc. to receive the Event, it was