```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GARDEN CITY BOXING CLUB, INC.,            :

                Plaintiff,                :

        -against-                         :   REPORT AND RECOMMENDATION

                                          :   07 Civ. 8081 (LLS)(KNF)

1900 JEROME AVENUE SPORTS BAR INC.,
D/B/A MONUMENT SPORTS BAR, ET AL.,        :

                Defendants.               :

------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LOUIS L. STANTON, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

The plaintiff, Garden City Boxing Club, Inc. ("Garden City"), commenced this action seeking damages from 1900 Jerome Avenue Sports Bar, Inc., d/b/a Monument Sports Bar ("Sports Bar") and Griselda A. Reyes (collectively, the "defendants"), for alleged violations of section 705 of the Federal Communications Act of 1934, as amended. 47 U.S.C. §§ 553 and 605. Garden City served Sports Bar with a summons and a copy of the complaint on October 25, 2007, by causing two copies of the pleadings and a summons to be delivered to the office of the New York Secretary of State.[1] Neither defendant answered or otherwise appeared timely in the action.

---

[1] The docket sheet maintained by the Clerk of Court for the above-captioned action does not reflect that Reyes was served with process. Nonetheless, Reyes appeared by and through counsel, in an answer that was not filed timely with the court, and your Honor indicated in an Order dated January 22, 2008, that the defendants had been served. See Docket Entry No. 7.

Garden City made an application to your Honor, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for an order directing the entry of a judgment by default against the defendants.  Your Honor granted that application, on January 22, 2008, after the defendants failed to show cause, as ordered, why judgment should not be entered.  Thereafter, your Honor referred the matter to the undersigned to conduct an inquest and to report and recommend what amount of damages, if any, should be awarded to Garden City.  In connection with the inquest, by an Order dated January 28, 2008, the parties were directed to submit affidavits and memoranda to the Court.  Garden City complied with the Court's directive; the defendants did not.

Subsequent to the application made by Garden City, for a judgment by default, the defendants made the following submissions, collectively, by and through counsel:  1) a notice of appearance; 2) a Local Rule 7.1 statement; and 3) an untimely and deficient answer.  These submissions were not signed by counsel to the defendants, Nestor Rosado, Esq.  The defendants' responsive pleading sought to assert various defenses, including improper service of process, since, as the defendants maintain, "[t]he only papers received by the[m] were a copy of the application for a default judgment."

In a Statement of Damages submitted by the plaintiff, Garden City contends it is entitled to recover: (1) $20,000, damages; (2) $5,850, interest on damages; and (3) $470, costs and disbursements related to this action.  The costs and disbursements consist of: (a) $350, the clerk's fee; and (b) $120, the process server's fee.

## BACKGROUND

At an inquest, a reviewing court accepts as true all the well-pleaded factual assertions in

the complaint, except those relating to damages.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  The plaintiff is also entitled to all reasonable inferences from the evidence adduced.  See id.  However, claims that are not well-pleaded, or facts that the pleadings do not establish, cannot support a judgment by default.  See Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995) (citing Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69 (2d Cir. 1971), rev'd on other grounds, Hughes Tool Co. v. Trans World Airlines, Inc., 409 U.S. 363, 388-89, 93 S. Ct. 647, 661 [1973]) (holding that a default judgment entered on the well-pleaded allegations of a complaint establishes liability).  Based on the complaint, the documents submitted timely by the parties and the Court's review of the entire court file in this action, the following findings of fact are made.

    Garden City is a corporation organized under the laws of California, with its principal place of business in San Jose, California.  Sports Bar is a corporation organized and existing under the laws of New York, with its principal place of business in Bronx County, New York.  Griselda Reyes is the owner and operator of Sports Bar.

    Garden City entered into a license agreement to broadcast, on September 18, 2004, a closed-circuit televised boxing match between Oscar De La Hoya and Bernard Hopkins and related undercard bouts (defined as the "Event" by Garden City).  The territory within the plaintiff's broadcast license included the New York metropolitan area.  For a fee, Garden City granted a license to various establishments to display the Event publicly.  The broadcast signal transmission of the Event was encrypted with an electronic code.  Garden City provided its licensees with electronic decoding equipment and the necessary satellite coordinates to receive and display the closed-circuit broadcast signal of the Event.

According to Garden City, the defendants intercepted or received, without authorization, the interstate transmission of the Event's broadcast signal or assisted in that endeavor, and displayed that signal publicly to the Sports Bar's patrons.  In support of its allegations, Garden City submitted the affidavit of Bruce W. Ford ("Ford") as an inquest exhibit.  Through the affidavit, Ford stated, inter alia, that he entered Sports Bar, prior to the broadcast of the De La Hoya/Hopkins bout, and observed a video image, on multiple television monitors, of Antonio Tarver, a professional boxer, speaking with James Brown, a well-known sports broadcaster.  Ford left Sports Bar soon thereafter.  Ford's affidavit does not establish that the Event, as Garden City has defined the term, was displayed publicly by the defendants at the Sports Bar.  Nonetheless, Garden City maintains that, as a result of the defendants' alleged misconduct, a business opportunity it would have realized otherwise--had a license to display the Event been obtained by the Sports Bar--was lost.  Among other things, Garden City contends it lost revenue and profits, and suffered damage to its goodwill and reputation.

## DISCUSSION

Garden City alleges in its complaint that the defendants violated 47 U.S.C. §§ 553 and 605 by broadcasting the Event.  The Federal Communications Act of 1934 proscribes intercepting, or receiving assistance in intercepting, a communications signal transmitted over a cable system, without the authorization of a cable operator or pursuant to law, and prohibits the unauthorized divulging or publishing of interstate or foreign communications.  See 47 U.S.C. §§ 553 and 605.  Although Garden City asserts the defendants intercepted and/or received an interstate communication of the Event's transmitted signal, it has failed to substantiate this claim with competent evidence.

Ford's affidavit states only that he entered the Sports Bar and observed television monitors displaying "Antonio Tarver talking to James Brown before the De La Hoya-Hopkins fight." The affidavit makes no mention of any unlawful broadcast of the September 18, 2004 De La Hoya/Hopkins boxing match or the undercard bouts that, together, comprised the Event, as that term was defined by the plaintiff in its pleadings. Moreover, Garden City did not submit evidence to establish the defendants displayed the Event publicly, or accessed the Event unlawfully. Thus, the claims made pursuant to the Federal Communications Act of 1934 are suspect. In the circumstance of the case at bar, an award of damages is not appropriate.

*Costs*

Section 705 of the Federal Communications Act of 1934, as amended, and 28 U.S.C. § 1920 permit the recovery of costs by the prevailing party. See 47 U.S.C. § 553 (c)(2)(C); 28 U.S.C. § 1920(1). A prevailing party is one who, through litigation "requires an enforceable alteration of the legal relationship of the parties." Dattner v. Conagra Foods, Inc., 458 F.3d 98, 102 (2d Cir. 2006) (internal quotations and citations omitted). Where costs are authorized, "the determination of amounts is vested in the sound discretion of the district court." United States for Use and Benefits of Evergreen Pipeline Constr. Co., Inc. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 171 (2d Cir. 1996). Here, where the inquest submissions do not support an award of damages and, further, make suspect the claims asserted under the Federal Communications Act of 1934, the court would be warranted in exercising its discretion to deny plaintiff an award of its costs.

**CONCLUSION**

For the reasons stated above, it is recommended that no award of damages or costs be

made to Garden City.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Louis L. Stanton, 500 Pearl Street, Room 2250, New York, New York, 10007, and to the chambers of the undersigned, 40 Foley Square, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Stanton. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
December 17, 2008

Respectfully submitted,

*[signature]*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE